## THE STATE v. JOSEPH W. WAGNER, Appellant.

### Division Two, December 22, 1925.

1. **APPELLATE PRACTICE: Sufficient Evidence.** It is not the province of the appellate court to weigh the evidence except so far as may be necessary to determine whether the State has produced substantial evidence tending to establish the guilt of appellant. The evidence preserved by the record in this case connecting defendant with the crime charged, which is the theft of an automobile, is purely circumstantial, but it establishes the *corpus delicti,* identifies defendant as the person who claimed the car and had it in his possession after it was stolen, tends to show that he alone or acting in concert with another stole it, and is consistent with his guilt; and therefore the demurrer to the evidence was properly overruled.

2. **LARCENY: Reasonable Doubt: Absence from Place: Acting with Another.** Where there was no direct evidence that defendant in person stole the automobile, but strong substantial evidence tending to show that a man of another name, or assuming said name, acting in concert with defendant, stole the car, the court properly refused an instruction telling the jury that "if there is any evidence that raises in your minds a reasonable doubt as to the presence of defendant at the time and place the crime is alleged to have been committed, you will acquit defendant," and did not err in giving in lieu thereof another telling them that "if there is any evidence before you that raises in your minds a reasonable doubt as to the presence of defendant at the time and place where the crime is alleged to have been committed, you will acquit defendant, unless you further find that defendant acted in concert or conjunction with another person or other persons."

3. **INSTRUCTION: Refusal: Covered by Others.** The court does not err in refusing an instruction, where it gives another which properly declares the law on the subject and is based on the evidence.

Criminal Law, 16 C. J., Section 2398, p. 990, n. 3; Section 2506, p. 1063, n. 85; 17 C. J., Section 3593, p. 255, n. 55; p. 257, n. 68; Section 3595, p. 267, n. 93; Section 3597, p. 269, n. 9; p. 270, n. 17. Larceny, 36 C. J., Section 483, p. 899, n. 34; Section 558, p. 935, n. 17.

Appeal from Jackson Circuit Court.—*Hon. James H. Austin*, Judge.

AFFIRMED.

*Anthony P. Nugent* for appellant.

(1)   The court erred in refusing to give the peremptory instruction as requested by defendant in the nature of a demurrer to the evidence at the close of the case. State v. Buckley, 274 S. W. 74; State v. Tracy, 284 Mo. 619; State v. Ruckman, 253 Mo. 487; State v. Adkins, 222 S. W. 431; State v. Singleton, 294 Mo. 346; State v. Lee, 272 Mo. 121.   (2)   The court erred in refusing to give Instruction B.   (3)   The court erred in refusing to give Instruction C.   Grantella v. United States, 3 Fed. 117; De Luca v. United States, 298 Fed. 412; Broens v. United States, 290 Fed. 809; Sullivan v. United States, 283 Fed. 865; Sorenson v. United States, 168 Fed. 785. (4)   The court erred in giving instruction numbered 3½, because there was no evidence in the case to support such an instruction.   State v. Simpson, 237 S. W. 748; State v. Wagner, 237 S. W. 750; State v. Wagner, 252 S. W. 695.

*Robert W. Otto,* Attorney-General, and *Wm. L. Vandeventer,* Assistant Attorney-General, for respondent.

(1)   Instruction 4 is in proper form and has been approved.   The only question here is, was there sufficient evidence upon which to base such an instruction?   State v. Samis, 296 Mo. 471; State v. Williams, 274 S. W. 50; State v. Boes, 262 S. W. 1019.   (2)   Refused Instruction C was fully covered in number 2 given by the court at the request of the State.   (3)   Refused Instruction B was fully covered by given Instruction 3½.

RAILEY, C.—On August 1, 1924, the grand jury of Jackson County, Missouri, returned into the circuit court of said county, an indictment, reading as follows:

"The grand jurors for the State of Missouri, duly summoned from the body of said County of Jackson, being duly impaneled, sworn and charged to inquire within and for said county, upon their oaths present and charge that one Joseph W. Wagner whose Christian name in full is unknown to said grand jurors, late of the county aforesaid on the 25th day of July, 1924, at the County of Jackson, State of Missouri, one Buick Touring Motor Vehicle Motor Number 1144429 of the value of fifteen hundred dollars of the goods and chattels of one J. L. Ward then and there being, then and there did unlawfully and feloniously, steal, take and carry away; against the peace and dignity of the State."

The defendant was arraigned, entered a plea of not guilty and filed an application for a change of venue, which was sustained and the cause transferred to Division 9, sitting as Criminal Division B of the circuit court aforesaid. Thereafter, on September 9, 1924, the cause was tried before a jury, and the following verdict returned:

"We, the jury, find the defendant Joseph W. Wagner guilty of theft of an automobile as charged in the indictment, and assess his punishment at five years in the penitentiary."

Motions for a new trial and in arrest of judgment were filed in due time and overruled on September 17, 1924. Thereafter, on the date last mentioned, defendant was granted allocution, judgment rendered; sentence pronounced in accordance with said verdict, and an appeal granted defendant to this court.

The testimony as set out by respondent's counsel in their brief is substantially correct and is hereby adopted as our statement, as follows:

The evidence shows that on the 27th day of May, 1924, between the hours of 7:30 and ten P. M., J. L. Ward

parked his car bearing motor number 1,144,429 on Park Avenue, just south of Linwood Boulevard, in Kansas City, Missouri. When he returned to get his car, a little later, it was gone, having been stolen in the meantime. The car was later found at a garage on Grand Avenue, in Kansas City, Missouri, and was identified by the owner by the following marks: The emergency brake lever had been welded beneath the floor level, the right rear fender had a peculiar dent in it and there were scratches on the body easily recognized by the owner. The owner's keys fitted the car, but the motor number had been changed.

On the fifth day of June, 1924, a man giving his name as John A. Wilson appeared in the county treasurer's office at Leavenworth, Kansas, and asked for an application for a motor car license. This application was filled out by an employee of the treasurer's office and was for a 1924 Buick touring car, motor number 1,144,887 motor 45 and weight 3,455 pounds. The applicant also asked that the license be sent to John A. Wilson, at the Grund Hotel, Kansas City, Kansas. The employee of the office did not remember the appearance of the applicant sufficiently to identify him.

During the first ten days of June, 1924, a letter came to the Grund Hotel, Kansas City, Kansas, addressed to John A. Wilson, and a few days later a package containing an automobile license. A man, asking for the mail of John A. Wilson, appeared and got the letter and at the same time asking if there was an automobile license there. It hadn't arrived, but did a few days later, and the same man again called and received this license. Before his arrival, however, the police had inspected this license and gotten the number. This man, asking for the mail of John A. Wilson, was positively identified as the defendant Joseph W. Wagner. About the time of these occurrences, the janitor of some apartments on West 37th Street, Kansas City, Missouri, rented a garage to a man giving his name as John Wil-

son. Wilson put a car in the garage and locked it, but the janitor did not see the car until it was recovered by the police. The janitor was unable to identify the man giving his name as Wilson, never having seen him before.

On the 27th day of July, 1924, the defendant was arrested by the police authorities of Kansas City, and in his possession was found an automobile bill of sale with all of the blanks unfilled, save giving the motor number as 1,144,887, the license number as 323,197, the motor as number 24-45 and the description as a five-passenger Buick automobile. This bill was also dated the 28th day of July, A. D. 1924. The blank spaces for the transferee and transferor were unfilled.

On July 25, 1924, the car was found in the garage rented by the man giving his name as John Wilson, and was taken to the garage in which the owner later recovered it. When the car was discovered, it had a Kansas tag on it, No. 323,197. The motor showed to be 1,144,887, the last three figures showing that they had been changed. The license of the car was the same license that had been received at the Grund Hotel.

While he was under arrest, the defendant informed the police that a man by the name of John Wilson had called him over the telephone, wanting to trade him this Buick car. He met him, by appointment, at 24th and Broadway and they drove out to where the car should have been, but it was gone. They then drove away and defendant brought Wilson back to Broadway and let him out. Defendant further declared that this was the first time he had ever seen him and never had seen him since. When the Buick car was recovered, the battery was gone and defendant told the police officer that Wilson, when they went to look at the car, had a battery with him.

The son and wife of the defendant testified that he was at home the evening the car was stolen.

At the close of the State's evidence and at the close of all the evidence, a demurrer was filed, which was by the court overruled,

I.   It is contended by appellant that his demurrer to the evidence at the conclusion of the case should have been sustained.   It is not the province of this court to weigh the evidence, except in so far as it may be necessary to determine whether the State has produced substantial evidence tending to establish the guilt of defendant.   The evidence connecting defendant with the commission of the crime charged is purely circumstantial, and is consistent with his guilt. It is undisputed that on the evening of May 27, 1924, J. L. Ward of Kansas City, Missouri, had his Buick car stolen in said city between 7:30 and ten o'clock P. M.; that it was parked on Park Avenue just south of Linwood Boulevard.   The car cost Ward $1465 and was comparatively new.   He testified that he next saw his car after it was stolen, at a garage on Grand Avenue, south of 19th street, on Saturday morning, July 26, 1924; that he recognized his car by two or three marks of identification; one was, that the emergency brake lever had been welded beneath the floor level.   Another was, that the right rear fender had a little dent in it which he recognized.   His car also had some scratches on the body that he recognized; the motor number on his car had been changed; he had his keys which fitted the car.   He testified that he was certain it was his car that was stolen in Jackson County, Missouri. The number of the motor on said car was K 45-2.

Miss Margaret Riley lived at Leavenworth, Kansas, and worked in the county treasurer's office there.   She testified that she had worked there about four years; that she was there during the months of May, June and July, 1924; that she made out an application for an automobile license on or about the 5th of June, 1924, to one John A. Wilson.   The application was identified in court by witness as having been prepared by her.   It was made out for a 1924 Buick touring car, and the engine number was 1,144,887.   It was marked model 45, and the weight given as 3455.   It was made to John A. Wilson. She testified that the man who applied for the license gave the

address at Leavenworth, Kansas, National Hotel, and directed that the license be sent to the Grund Hotel, Kansas City, Kansas. When she sent the application to the State Treasurer at Topeka, she requested that the tags be mailed to the Grund Hotel. She said the license is numbered 1,144,887 and does not say 1,144,429.

Louis Hazeltine, a clerk at the Grund Hotel, at Kansas City, Kansas, testified, that during the first ten days of June, or the early part of June, 1924, he received at said hotel some mail for one John A. Wilson; that he was present when the mail was called for; that one first-class letter was called for, which came first; that later, a package came, which was opened by the police authorities in his presence, and found to contain an automobile license, enclosed in an envelope from the State's Treasurer's office; that the above was called for by a man who asked for the mail of John A. Wilson, and witness delivered the first class letter to him; that he asked if an automobile license was there, and was informed in the negative; that the same man came back and witness delivered him the package containing the automobile license; that Mr. Hayden, the hotel manager, was present when the package was called for; that the police officers took the license out of the letter before it was delivered, examined same, put it back in the package and gave it to witness; that this same man came after the second package about one week after the letter came; that the officers volunteered the information that they were looking for licenses that had been connected with stolen cars.

Kirby Hayden, the manager of the Grund Hotel, testified that he had known defendant Wagner about three or four years; that he was present when Hazeltine, the clerk, delivered a letter and package, addressed to John Wilson, to defendant Wagner, about the middle of June, 1924.

L. R. Toyne, a police officer of Kansas City, Missouri, in charge of the Motor Theft Bureau of the Police Department of said city, testified, that on the night of

May 27, 1924, Mr. Ward reported the theft of his 1924 Buick touring car, bearing motor number 1,144,429; that on July 25, 1924, he (witness) found the car in the rear of 1602 West 37th Street, with the number shown thereon as 1,144,887; that the last three figures had been tampered with; that they looked like they had been pounded with a hammer, and the back of it showed plainly it had been; that it had the appearance of having been pounded out and stamped over. The license, tag number and motor number were offered in evidence and shown to the jury.

The defendant was arrested on Sunday, July 25, 1924. Witness Toyne testified that he talked with defendant the next morning after his arrest. His testimony in regard to the conversation reads as follows:

"Q. What did he say about it" (the car)? "A. I asked him what he knew about that car at Thirty-seventh and Wyoming that was in that private garage, and why he had that bill of sale in his pocket for that particular motor number. He said a man by the name of John Wilson had called him over the telephone and wanted to trade him the car; and he met him by appointment at Thirty-fourth and Broadway, and they drove out there and the car was gone. And they drove on away, and he brought Wilson back to Thirty-fourth and Broadway and let him out. He said that was the first time he had seen him, and never had seen him since."

Toyne said defendant fixed the time when he drove Wilson out to look at the car as noon, on Sunday, July 25, 1924. The defendant did not testify as a witness in the case, and the testimony of Toyne, in respect to above matter, stands uncontradicted. If defendant never saw Wilson until July 25, 1924, what induced him to call at the Grund Hotel the first part of June, 1924, and carry away the letter addressed to John A. Wilson? What caused him to inquire in June of the clerk at said hotel at that time, as to whether there was an automobile license there addressed to John A. Wilson, which he came back and took away one week later?

John Smith testified, in substance, that in May, June or July he rented a garage to a young man who gave his name as John Wilson, and who locked the garage himself. He said the car remained there close to a month.

R. H. Hammond, a police officer, arrested defendant on Sunday, July 25, 1924, and took from his person a blank bill of sale, which was not signed. It was dated July 28, 1924, and contained the following:

"One 5 passenger Buick automobile, model 24-45, Factory No. ———, Car No. ———, Motor number, 1,144,887, License No. 323197."

The defendant relied upon an alibi, and offered no other evidence on the merits of the case, except that which was elicited by the cross-examination of the State's witnesses. In view of the foregoing facts, we are clearly of the opinion that the trial court was within the law in overruling defendant's demurrer to the evidence. [State v. Miller, 292 Mo. l. c. 132 and fol.; State v. Lyle, 246 S. W. (Mo.) l. c. 884-5.]

II. Appellant complains of the ruling of the court in refusing his Instruction B, which reads as follows:

"The court instructs the jury that if there is any evidence in this case that raises in your minds a reasonable doubt as to the presence of the defendant at the time and place the crime is alleged to have been committed, you should acquit the defendant."

The court did not err in refusing the above instruction as asked. There was no direct evidence tending to show that defendant in person actually stole the car, but there is strong substantial evidence in the case tending to show that a man by the name of John Wilson, or one assuming said name, acting in concert with defendant, stole the car in controversy. The court properly refused said instruction and correctly gave Instruction 3½ in lieu of same, which is sustained by the evidence, and which reads as follows:

"The court instructs the jury that if there is any evidence before you that raises in your minds a reasonable doubt as to the presence of the defendant at the time and place where the crime is charged to have been committed (if you find a crime was committed) you will acquit the defendant, unless you further find and believe from the evidence in this case that defendant acted in concert or conjunction with another person or other persons."

The above assignment of error is overruled. [State v. Roderman, 297 Mo. 1. c. 149-50; State v. Lyle, 246 S. W. (Mo.) 1. c. 885-6; State v. Wagner, 252 S. W. (Mo.) 1. c. 698.]

III.   Appellant asked, and the court refused, his Instruction C which reads: "The court instructs the jury that if the evidence can be reconciled either with the theory of innocence or guilt the defendant should be acquitted." The court committed no error in refusing said instruction, as it gave Instruction 4½ in lieu of same, which properly declared the law and was based on the testimony in the case. The court likewise properly gave Instruction 2, relating to circumstantial evidence, and covered therein, the substance of said refused Instruction C. The above assignment is without merit and overruled.

IV.   Complaint is made as to the giving of Instruction 4, reading as follows: "The court instructs the jury that where two or more persons act together in the commission of an unlawful act the act of one is the act of all." It is claimed that there was no evidence in the case on which to base such an instruction. We do not agree with counsel in respect to this matter. On the contrary, there is strong and convincing proof in the record tending to show that defendant, acting in concert with John Wilson, stole the car in controversy. [State v. Miller, 292 Mo. 1. c. 132 and following; State v. Lyle, 246

S. W. (Mo.) l. c. 885-6.]    This assignment is likewise overruled.

V.   The defendant has been properly convicted on substantial evidence, after a fair and impartial trial. The judgment below is accordingly affirmed.  *Higbee, C.,* concurs.

PER CURIAM:—The foregoing opinion of RAILEY, C., is adopted as the opinion of the court.   All of the judges concur.